UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20694-CR-MOORE/D'ANGELO

UNITED STATES OF AMERICA,

vs.

CHRISTOPHER MARTIN
GORDON,

      Defendant.
_____/

## REPORT AND RECOMMENDATION ON SUPERVISED RELEASE VIOLATIONS

**THIS CAUSE** is before the Court following the referral of this action to the undersigned Magistrate Judge to take all necessary and proper action as required by law with respect to any and all violations of Supervised Release as to Defendant Christopher Martin Gordon ("Defendant") (DE 68).  A Petition for Warrant or Summons for Offender Under Supervision ("Petition"), detailing thirteen alleged violations of Defendant's Supervised Release, was submitted to the Court on September 16, 2025 and an arrest warrant subsequently issued (DE 60, 61).  Defendant made his initial appearance on October 31, 2025, and the Parties stipulated to detention with the right to revisit (DE 67).

The Court held a status conference in this matter on November 19, 2025, at which the Parties reached an agreed-upon disposition with the concurrence of the United States Probation Office (DE 72).  Specifically, the Parties stated that Defendant admits to violations one through nine (1-9) and thirteen (13) in the Petition, and the Government will dismiss violations ten through twelve (10-12) at sentencing.  The Court placed Defendant under oath and after a brief colloquy, the Court determined that Defendant is fully competent and capable of making an informed decision and that his admission to violations one through nine (1-9) and thirteen (13) is knowing

and voluntary. Defendant was advised that the maximum penalty he faces for violations one through nine (1-9) and thirteen (13) is two (2) years' imprisonment. Defendant acknowledged that he understands the maximum penalty. Defendant acknowledged that he understands his right to an evidentiary hearing on the violations in the Petition and all rights associated with a hearing. Defendant acknowledged that if his admission to violations one through nine (1-9) and thirteen (13) is accepted, all that will remain is a sentencing hearing to determine the final disposition.

On November 19, 2025, Defendant filed a Notice of Admission of Supervised Release Violations (DE 74). In the Notice, Defendant stated that he admits to violations one through nine (1-9) and thirteen (13) in the Petition (*id.*). The Government filed a Notice of Intent to Dismiss Supervised Release Violation the same day (DE 73). The Government stated that it will dismiss violations ten through twelve (10-12) in the Petition at sentencing (*id.*). Based on the foregoing, the undersigned respectfully recommends that the Court set the matter for a final revocation hearing and sentencing and accept Defendant's admission of guilt to violations one through nine (1-9) and thirteen (13), as set forth in the Petition.

The Parties will have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Report and Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual

and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on this 21st day of November, 2025.

_____
ELLEN F. D'ANGELO
UNITED STATES MAGISTRATE JUDGE

cc: All Counsel of Record